# IN THE COURT OF APPEALS OF IOWA

No. 24-0508
Filed March 19, 2025

**NATHANIEL YANCEY, JR.,**
        Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF PAROLE,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        An inmate appeals the district court's decision on judicial review to uphold

denial of his release on parole.   **AFFIRMED.**


        Gordon E. Allen, Johnston, for appellant.

        Brenna Bird, Attorney General, and John R. Lundquist, Assistant Attorney

General, for appellee.


        Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

Buller, J., takes no part.

**BADDING, Judge.**

Nathaniel Yancey, Jr., is serving a combined sentence of up to 105 years based in part on his involvement in a pair of shootings while released on parole. *See Yancey v. Iowa Bd. of Parole*, No. 22-2013, 2023 WL 5949006, at *1 n.1 (Iowa Ct. App. Sept. 13, 2023). Yancey completed his nine-year mandatory minimum term in 2020. Each year since, the Iowa Board of Parole (Board) has considered him for release to a pending federal detainer. Despite the recommendations of the Department of Corrections (DOC), the Board has denied Yancey parole to date.

In this case, Yancey seeks judicial review of the Board's April 2023 decision, which held that "the seriousness of your crime and/or your criminal history indicates more time is needed before the Board will be convinced a release would be in the best interest of you and/or society." Yancey has heard these words before. The Board's language—coded as a "DR7" decision—is one of several standardized reasons used to communicate the basis for a parole denial. Yancey argues that the Board violated his due process rights by relying on a "boilerplate" DR7 code to explain the reasons for its decision. The district court rejected this argument, finding Yancey was not entitled to a more detailed explanation.

"Constitutional issues raised in agency proceedings are reviewed de novo." *Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 762 (Iowa 2019); *see also* Iowa Code § 17A.19(10)(a) (2023). The mandatory language of Iowa's parole statute creates a constitutional liberty interest entitling adult parole applicants to due process protection. *Bomgaars v. State*, 967 N.W.2d 41, 48 (Iowa 2021) (citing Iowa Code § 906.4(1)). Procedural due process "requires only 'minimal' procedures, including an opportunity to be heard and a statement of reasons why

parole was denied." *Id.* at 49 (citation omitted) (noting these requirements are embraced by the statutory and administrative rules governing parole review in Iowa). In denying parole, the Board must provide "sufficient reasons to facilitate appellate review." *Bonilla*, 930 N.W.2d at 785. However, "[t]here is no categorical due process requirement that after every review the Board issue . . . detailed findings of fact or conclusions of law with respect to the denial of parole." *Id.* (rejecting a juvenile offender's facial challenge to Board decision-making procedures).

We find no constitutional infirmity here. The administrative record shows the Board considered Yancey's unique criminal history in addition to other aggravating and mitigating factors, including his disciplinary history, rehabilitative efforts, risk score, and DOC recommendation. After considering that information, the Board concluded the seriousness of Yancey's crimes precluded his release in 2023. The Board's stated reasons are "sufficient . . . to facilitate appellate review." *Id.*

What Yancey really appears to be challenging are the reasons themselves. He does so under Iowa Code section 17A.19(10)(n), which allows for reversal of agency action that is "arbitrary, capricious, or an abuse of discretion." We review the district court's judicial review ruling on that ground for errors at law. *See Bonilla*, 930 N.W.2d at 762.

Yancey argues that denying parole based on the seriousness of his offense is inherently backward-looking and inconsistent with the rehabilitative goals of parole. He also contends that a code "DR7" denial departs from the language of Iowa Code section 906.4. Contrary to these arguments, we have repeatedly held

that the seriousness of an inmate's offense is a legitimate factor for the Board to consider in deciding whether release is in the "best interest of society and the offender." Iowa Code § 906.4; *see also Werts v. Iowa Bd. of Parole*, No. 22-0127, 2022 WL 16985843, at *3–5 (Iowa Ct. App. Nov. 17, 2022) (upholding denial of parole based solely on the seriousness of an inmate's offense); *Johnson v. Iowa Bd. of Parole*, No. 02-1320, 2003 WL 1970475, at *2 (Iowa Ct. App. Apr. 30, 2003) (same).

It was not unreasonable for the Board to give that factor significant weight here. As we previously observed, "Yancey was on parole for three violent state crimes as well as two violent federal crimes at the time of the 2011 shootings" that gave rise to his current sentence. *Yancey*, 2023 WL 5949006, at *3. Those offenses took place a few days apart and involved threats toward law enforcement. *Id.* As of 2023, he had served only twelve years of his 105-year sentence. *See Werts*, 2022 WL 16985843, at *5 (noting denial of parole was reasonable where, among other factors, the inmate had served less than one-third of a seventy-five-year term). Considering all these circumstances, we find the Board's decision to deny Yancey's release in 2023 was not unreasonable, arbitrary, capricious, or an abuse of discretion. Accordingly, we find no error at law in the district court's ruling and affirm.

**AFFIRMED.**